RECEIVED
APR 11 2016
BY MAIL

To: Clerk of Court, United States District Court, Eastern District Of Missouri, Eastern Division

Re: United States v. City of Ferguson, Case No. 4:16CV180 CDP

Date: April 6, 2016

On March 17, 2016, the United States and the City of Ferguson filed a joint motion for entry of a consent decree to resolve this lawsuit.[1] This Court will hold a public hearing to consider whether to adopt the Consent Decree on Tuesday, April 19, 2016.

The parties requested that the court hold a hearing where the public may be heard about the proposed consent decree. On March 28, 2016, the Court issued an order in which it agreed to also consider written comments from the public.

I, Patrice McDermott, Executive Director of OpenTheGovernment.org, am submitting the comments below on behalf of the coalition which I head. OpenTheGovernment.org is a coalition of journalists, consumer, good- and limited-government groups, environmentalists, library groups, scientists, and others united to make the government open and information public. More than half of our partner organizations are based in the states. Our coalition transcends ideological and partisan lines and includes progressives, libertarians, and conservatives. Our 90-plus partners believe that, without transparency, the public cannot hold government accountable.

The stated purpose of the Consent Decree is "to ensure protection of the constitutional and other legal rights of all members of the community, improve Ferguson's ability to effectively prevent crime, enhance both officer and public safety, and increase public confidence in the Ferguson Police Department (FPD)."

We are concerned, though, that these commitments, which require transparency and public accountability, do not carry through to the Agreement itself. The DOJ has noted that the Agreement will require the Ferguson Police Department to collect the data on its own operations needed for it to continue to learn and improve upon its police and court practices. There are, indeed, excellent data-collection and analysis requirements in *Section XXI. Data Collection, Reporting, and Transparency*. The Agreement requires qualitative and quantitative assessments to measure whether implementing it is resulting in constitutional and otherwise lawful law enforcement.

These outcome assessments will include analyzing, at least annually, "bias-free policing measurements, including regression analyses sufficient in type and scope to determine whether any police or court program, initiative, activity, or service has a disparate impact on the basis of protected characteristics. Such analyses will control for factors other than protected characteristics, including but not limited to crime rates, income level, and ability to pay."

Examples of the regression analyses that will be conducted are analyses of measurements (spelled out in specific detail) of: voluntary contact, stop, search, citation, and arrest; First Amendment violations; use-

---

[1] On January 26, 2016, the U.S. Department of Justice and the City of Ferguson, MO, entered into to a Consent Decree (Agreement). On February 9, 2016, the City of Ferguson rejected the Agreement. On February 10, 2016, the United States filed a civil complaint alleging the City of Ferguson, Missouri, has engaged in a pattern or practice of conduct, including discrimination, that deprives persons of rights, privileges and immunities secured and protected by the United States Constitution and federal law.

of-force; response to individuals in crisis; policing in schools; and Court practices. Each of these is a critical element of "bias-free policing."

We enthusiastically support the collection and analysis of this broad scope of information. It would permit the public, oversight bodies, and the media to really understand what is happening, and how the situation is – or is not – improving. From our reading of the Consent Decree, however, neither the complete data nor the analyses will be made public at any time.

We are expressly concerned about the paragraphs below:

> *411. The City and FPD agree to ensure the collection and tracking of all FPD and municipal court data that is: (a) necessary to enable the City's ongoing assessment and improvement of its law enforcement practices, as discussed throughout this Agreement; (b) necessary to enable the Monitor to conduct the outcome assessments set out in Section XXII; and (c) otherwise required by this Agreement, FPD policy, and state and federal law.*
>
> ***B. Public Availability of Policies and Reports***
>
> *413. The City agrees to make publicly available on request and on the City's website all FPD and municipal court policies and protocols, as well as all <u>public</u> reports described in this Agreement. Any exceptions will be limited to information that must remain confidential to protect public safety and approved by DOJ and the Monitor. (Emphasis added)*
>
> *414. On at least an annual basis, the City will make data collected pursuant to paragraph 411 publicly available on the City website in summary form, <u>unless prohibited by law</u>. (Emphasis added)*
>
> ***C. Annual Report***
>
> *415. Within 60 days following the expiration of each year of the term of this Agreement, the City agrees to produce an annual report describing FPD and Ferguson Municipal Court activity. The purpose of the annual report will be to inform the public of the City's law enforcement achievements and challenges, as well as new programs and steps taken to address challenges and build on successes. The annual report will further provide information regarding the City's implementation and status of this Agreement. The annual report <u>shall not include any specific information or data that may not be disclosed pursuant to applicable law</u>. (Emphasis added)*

The terminology "Unless prohibited by law" and "pursuant to applicable law" are too vague to be included in an official court document, which the Decree is. The possible law(s) prohibiting disclosure are nowhere specified. This would make this public availability provision subject to variation, at the will of the City. This should be impermissible. It would, as importantly, make it difficult for the press, the public, and organizations concerned with the implementation of this Agreement to challenge the withholding in a court of law.

We are additionally and similarly concerned about the language at paragraphs 449 and 452:

> *449. Except as required or authorized by the terms of this Agreement or with the Parties acting together: the Monitor, including any agent, employee, or independent contractor thereof, will not make any public statements <u>or issue findings with regard to any act or omission of the City or FPD, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to this Agreement</u>. (Emphasis added)*

of-force; response to individuals in crisis; policing in schools; and Court practices. Each of these is a critical element of "bias-free policing."

We enthusiastically support the collection and analysis of this broad scope of information. It would permit the public, oversight bodies, and the media to really understand what is happening, and how the situation is – or is not – improving. From our reading of the Consent Decree, however, neither the complete data nor the analyses will be made public at any time.

We are expressly concerned about the paragraphs below:

> *411. The City and FPD agree to ensure the collection and tracking of all FPD and municipal court data that is: (a) necessary to enable the City's ongoing assessment and improvement of its law enforcement practices, as discussed throughout this Agreement; (b) necessary to enable the Monitor to conduct the outcome assessments set out in Section XXII; and (c) otherwise required by this Agreement, FPD policy, and state and federal law.*
>
> ***B. Public Availability of Policies and Reports***
>
> *413. The City agrees to make publicly available on request and on the City's website all FPD and municipal court policies and protocols, as well as all <u>public</u> reports described in this Agreement. Any exceptions will be limited to information that must remain confidential to protect public safety and approved by DOJ and the Monitor. (Emphasis added)*
>
> *414. On at least an annual basis, the City will make data collected pursuant to paragraph 411 publicly available on the City website in summary form, <u>unless prohibited by law</u>. (Emphasis added)*
>
> ***C. Annual Report***
>
> *415. Within 60 days following the expiration of each year of the term of this Agreement, the City agrees to produce an annual report describing FPD and Ferguson Municipal Court activity. The purpose of the annual report will be to inform the public of the City's law enforcement achievements and challenges, as well as new programs and steps taken to address challenges and build on successes. The annual report will further provide information regarding the City's implementation and status of this Agreement. The annual report <u>shall not include any specific information or data that may not be disclosed pursuant to applicable law</u>. (Emphasis added)*

The terminology "Unless prohibited by law" and "pursuant to applicable law" are too vague to be included in an official court document, which the Decree is. The possible law(s) prohibiting disclosure are nowhere specified. This would make this public availability provision subject to variation, at the will of the City. This should be impermissible. It would, as importantly, make it difficult for the press, the public, and organizations concerned with the implementation of this Agreement to challenge the withholding in a court of law.

We are additionally and similarly concerned about the language at paragraphs 449 and 452:

> *449. Except as required or authorized by the terms of this Agreement or with the Parties acting together: the Monitor, including any agent, employee, or independent contractor thereof, will not make any public statements <u>or issue findings with regard to any act or omission of the City or FPD, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to this Agreement</u>. (Emphasis added)*

Other than "any documents or data protected by the attorney-client privilege or that constitute attorney work product," (and DOJ can sue the City over those withholdings) "non-public information" is unspecified.

> *452. The Monitor is not a state or local agency, or an agent thereof, and accordingly, the records maintained by the Monitor <u>will not be designated as public records subject to public inspection</u>. (Emphasis added)*

Thus, the data provided to the Monitor is not reachable through the State FOI statutes or any other means.

The end result of these stipulations is that the residents of Ferguson and the general public will be barred from viewing the data collected by the City and used by the Monitor. It is our understanding, then, that the City can post what it wants "in summary form" but the data provided to the Monitor is not reachable through the State FOI statutes or any other means and, if declared to somehow be prohibited by some law (unspecified) or "non-public," could not be made available to the public at all.

We ask the Court to consider the fairness and accountability implications of these provisions, which allow the City to withhold data and put forward a favorable summary, to withhold information from the Monitor on unspecified grounds, and which put the Monitor outside the reach of the laws of Missouri and the U.S. Freedom of Information Act (as this is an agreement to which the U.S. Department of Justice is a party). We urge the Court to reject these provisions and to require detailed provisions that, with regard to the City, will, at a minimum, specify the laws that would *require* withholding information or data and to provide a detailed explanation of what constitutes *non-public information* (other than attorney-client privilege or that constitutes attorney work product – for which, we note, DOJ can sue) and where in statute this information is protected from disclosure. With respect to the Monitor, the Court should specifically remove paragraph 452. This provision serves no other purpose than putting this entity outside any public accountability. We urge the Court to also make it clear that the Department of Justice is and remains subject to the Freedom of Information Act with regard to this Agreement. These changes are necessary to ensure that the Agreement is implemented in a fair and equitable manner and in order to make the City, the Monitor, and the DOJ accountable to the public.

Respectfully submitted,

*Patrice McDermott* (signature)

Patrice McDermott
Executive Director, OpenTheGovernment.org