# ATTACHMENT A

BILL NO. 7102                                              ORDINANCE NO.  2016-3605

Introduced by Council Members present

AN ORDINANCE AMENDING SECTION 13-70 OF CHAPTER 13 OF THE MUNICIPAL CODE BY DELETING SUBSECTIONS (2) AND (3) AND RENUMBERING ALL REMAINING SUBSECTIONS.

*Whereas,* the Municipal Code provides for recoupment of costs associated with mileage and service in amounts as would be provided by an associate circuit judge in criminal prosecutions; and

*Whereas,* these fees have not been collected for many years and, therefore, these provisions are superfluous and not necessary.

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**   Subsections (2) and (3) (which are set forth below and shown in strikeout) of Section 13-70 of Chapter 13 are hereby repealed in full and held for naught. All remaining subsections of Section 13-70 are hereby renumbered accordingly. All other subsections and provisions of Section 13-70 not specifically set forth herein are not amended and remain in full force and effect.

Subsections (2) and (3) to be repealed:

(2) ~~Serving warrants. There shall be taxed as additional costs in any case for each warrant, commitment or summons, an amount as would be provided by an associate circuit judge in criminal prosecutions.~~

(3) ~~Mileage. Mileage shall be taxed as additional costs in the same amount as provided to the sheriff in criminal violations for each mile or fraction thereof, both ways, in order to serve a warrant, commitment or order of the court.~~

**Section 2.**   This Ordinance shall be in full force and effect from and after the date of its passage.

1st reading:  February 9, 2016            2nd reading:  February 23, 2016

       PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS  23rd  DAY OF     February           , 2016.

_____
Mayor

Attest:

_____
City Clerk

[Seal of the City of Ferguson, Incorporated 1894]

BILL NO. 7103                                      ORDINANCE NO. 2016-3606

Introduced by _____ Council Members present _____

AN ORDINANCE AMENDING SECTION 13-63 OF THE FERGUSON MUNICIPAL CODE RELATING TO PROBATION AS DETERMINED BY THE MUNICIPAL JUDGE IN ADJUDICATION OF MUNICIPAL COURT CASES.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**   Section 13-63 of Chapter 13 of the Municipal Code is hereby amended to read as follows:

Sec. 13-63. - Probation.

Any municipal judge hearing municipal ordinance violations, upon a plea or finding of guilt, may suspend the imposition of sentence or the execution of sentence and place the defendant on probation for a period not to exceed two years. The judge may also impose such conditions of probation as the judge finds reasonably necessary to ensure future compliance with law and the successful completion of the term of probation and to provide compensation or other consideration to the victim and society. Such conditions may include but not limited to correction of the violation, alternative community service and completion of specialized classes, training or counseling.

**Section 2.**   This ordinance shall be in full force and effect from and after the date of its passage.

1st reading: __February 9, 2016__         2nd reading: __February 23, 2016__

PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS  23rd  DAY OF  February , 2016.

_____
Mayor

Attest:

_____
City Clerk

PERMANENTLY RECORDED IN BOOK 33   PAGE 22

Page 1

BILL NO. 7104                                    ORDINANCE NO. 2016-3607

Introduced by Council Members present

AN ORDINANCE REPEALING 13-61 OF THE MUNICIPAL CODE FOR THE REASON THAT STATE LAW NOW PROHIBITS THE ASSESSMENT OF COURT COSTS IF CASES INVOLVING MINOR TRAFFIC VIOLATIONS BEFORE THE MUNICIPAL COURT ARE DISMISSED

*Whereas,* Section 479.353 R.S.Mo. (as amended August 28, 2015) provides that no court costs shall be assessed if a case involving a minor traffic violation is dismissed by the Municipal Judge; and

*Whereas,* the vast majority, and possibly all, of the "trivial offenses" described in Section 13-61 are considered minor traffic violations for which no court costs may be assessed if the violation is dismissed.

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**     Section 13-61 of Chapter 31 of the Municipal Code is hereby repealed and held for naught:

~~Sec. 13-61. - Dismissal of trivial offenses.~~
~~Whenever a defendant is proven guilty of a violation of a provision of this Code, or any other ordinance, which violation is, in the judgment of the municipal judge, of a trivial nature, he may, at his discretion, dismiss the defendant on payment of costs.~~

**Section 2.**     This Ordinance shall be in full force and effect from and after the date of its passage by the City Council.

1st reading:   February 9, 2016         2nd reading:   February 23, 2016

PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS 23rd DAY OF   February  , 2016.

_James Knowles III_
Mayor

Attest:

_[signature]_
City Clerk

PERMANENTLY RECORDED IN BOOK 33   PAGE 23

Page 1

BILL NO. 7105               ORDINANCE NO. 2016-3608

Introduced by Council Members present

AN ORDINANCE AMENDING SECTION 13-26 OF THE MUNICIPAL CODE RELATING TO THE SELECTION OF A MUNICIPAL JUDGE

   *Whereas,* Section 479.020 R.S.Mo. allows the City Council to provide, by ordinance, for the selection, tenure and compensation of a Municipal Judge; and

   *Whereas,* that statute states, "1. Any city, town or village, including those operating under a constitutional or special charter, may, and cities with a population of four hundred thousand or more shall, provide by ordinance or charter for the selection, tenure and compensation of a municipal judge or judges consistent with the provisions of this chapter who shall have original jurisdiction to hear and determine all violations against the ordinances of the municipality. The method of selection of municipal judges shall be provided by charter or ordinance. Each municipal judge shall be selected for a term of not less than two years as provided by charter or ordinance"; and

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**   Section 13-26 of Chapter 13 of the Municipal Code of the City of Ferguson is hereby amended to read as follows:

   CHAPTER 13        COURT

   ARTICLE II        MUNICIPAL JUDGE

Sec. 13-26. - Selection; qualifications; term.

The persons elected as municipal judge as provided in the administrative code shall be an attorney-at-law licensed to practice in the state. The municipal judge shall not hold any other office within the city government. The individual appointed shall reside in the state and be over twenty-one (21) years of age. The individual shall not be currently serving as prosecutor or city attorney for any municipality in St. Louis County. The municipal judge shall be appointed for a two-year term, during which time the municipal judge shall not serve as prosecutor or city attorney for any municipality in St. Louis County. The municipal judge shall take office bi-annually on July 1 of every even-numbered year. If, for any reason, the municipal judge shall resign, die or the office shall become vacant for any reason set forth in section 13-27, the municipal judge's successor shall complete that term of office, even though the remainder of the term is less than two (2) years.

**Section 2.**   This Ordinance shall be in full force and effect from and after the date of its passage by the City Council.

1st reading:  February 9, 2016          2nd reading:  February 23, 2016

   PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS  23rd  DAY OF     February          , 2016.

_____
Mayor

Attest:

_____
City Clerk



BILL NO. 7106                                              ORDINANCE NO. __2016-3609__

Introduced by: Council Members present

AN ORDINANCE AMENDING SECTION 13-52 OF THE MUNICIPAL CODE RELATING TO BAIL AND BONDS IN THE MUNICIPAL COURT

***Whereas,*** Section 13-52 of the Municipal Code addresses "bail and surety" in the Municipal Court and has not been revised since prior to 1973; and

***Whereas,*** the City seeks to ensure that the conditions of release imposed on individuals arrested by the Ferguson Police Department for ordinance violations or pursuant to a municipal arrest warrant issued by the Ferguson Municipal Court are consistent with the requirements of the United States Constitution, the rules of the Missouri Supreme Court, and other binding legal authorities, and that such conditions advance the City's interests in protecting public safety.

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS.

**Section 1.**   Section 13-52 of Chapter 13 of the Municipal Code is hereby repealed in full and held for naught. That section stated:

~~Sec. 13-52. – Bail and surety.~~
~~(a) Any person arrested for a violation of this Code or of any ordinance or of the Charter may be admitted to bail by executing a bond to the city with sufficient surety. Any such bond shall be approved by the municipal judge, by the chief of police or by the clerk of the municipal court in the order named, of not less than fifty dollars ($50.00) nor more than one thousand dollars ($1,000.00), conditioned that such person will appear on a day therein specified, before the municipal court, to await his trial on the charges against him. All bonds taken shall be immediately filed with the clerk of the municipal court by the officer approving such bond, and the same shall be deposited in a safe place which is not accessible to the public.~~
~~(b) Procedures relating to bail and sureties shall be governed by supreme court rules nos. 37.95 through 37.111, which rules are hereby adopted by reference as the rules of the municipal court relating to bail and sureties.~~

In lieu thereof, the following section is hereby enacted:

Sec. 13-52     Conditions of Release and Bonds

(a) All individuals arrested by the Ferguson Police Department for an initial violation of ordinance or an outstanding municipal warrant will receive a court date and be released on their own recognizance as soon as practicable after booking, and in any case within 12 hours of booking, except:

   a. In circumstances where an arrestee has a documented history of failing to appear

for a required court appearance, an arrestee may be required to post an unsecured bond not to exceed $200 prior to release. In such circumstances, the arrestee will first be provided with the option of pleading guilty and paying the amount of the fine in full without needing to subsequently appear in court, unless the arrestee is charged with an offense for which an in-person appearance is required. If the person cannot or does not elect to resolve the charge through payment of a fine, the arrestee will:

1. be assigned with a new court date;
2. be instructed that failure to appear as required may result in assessment of the amount of the unsecured bond;
3. be provided, prior to assessment of the bond, with a show cause hearing as to why the unsecured bond shall not be assessed; and
4. in no case be required to post payment of the bond amount prior to release; and

b. In exceptional circumstances where the release of an arrestee would present a risk to public safety, the arrestee may be held beyond 12 hours, provided that:

1. no person arrested pursuant to a municipal arrest warrant for a failure to appear or pay a court debt will be held beyond 12 hours;
2. the Chief of Police or his or her designee must authorize all detentions beyond 12 hours; and
3. any person held beyond 12 hours must be brought before a court within 24 hours of arrest.

(b) If any person who posts an unsecured bond, fails to appear in court on the assigned court date, and fails to provide good cause for such failure to appear, the Municipal Judge may order the assessment of the unsecured bond. Upon such order, the Clerk of the Municipal Court shall forward the unsecured bond documentation to the Department of Finance for civil collection and a setoff of the person's income tax refund in accordance with Sections 143.782 through 143.788 R.S.Mo.

(c) All bonds taken pursuant to Order of the Municipal Judge shall be immediately filed with the Clerk of the Municipal Court. Forms evidencing payment of such bonds shall be kept with the defendant's court file.

(d) The Municipal Judge shall establish conditions of release in any matter in which a person before the Municipal Court is arrested, including on any municipal arrest warrants issued by the Court. Such conditions shall be consistent with this section and all legal authorities, including the United States Constitution and Missouri Supreme Court Rules.

**Section 2.**   This Ordinance shall be in full force and effect from and after the date of its passage and approval.

1st reading: __February 9, 2016__     2nd reading: __February 23, 2016__

    PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS __23rd__ DAY OF __February__, 2016.

_____
Mayor

Attest:

_____
City Clerk



BILL NO. 7107                                             ORDINANCE NO.   2016-3610

Introduced by: Council Members present

AN ORDINANCE AMENDING SECTION 13-68 RELATING TO THE ASSESSMENT AND PAYMENT OF FINES IN THE MUNICIPAL COURT

*Whereas,* Section 479.360 R.S.Mo. requires the City to file a certification, signed by the Municipal Judge, with the State Auditor as part of its annual Financial Report, affirming that the Municipal Court has established procedures for all indigent defendants to present evidence of their financial condition; that the Municipal Court takes such evidence into account in determining fines and costs and establishing payment requirements; that the Municipal Court uses alternative payment plans and community service alternatives; and that the Municipal Court follows various procedures as set forth in Section 479.360 R.S.Mo.

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**     Section 13-68 of Chapter 13 of the Municipal Code of the City of Ferguson is hereby amended to read as follows:

        Chapter 13          Court

        Section 13-68        Consideration of indigence upon sentencing; installment payment of fines and alternative sentencing

A.     The Municipal Judge shall establish procedures to allow indigent defendants to present evidence of their financial condition, including any pending debts, prior to sentencing, and thereafter as appropriate or as requested by a defendant. Defendants may present such evidence through the use of the model form established by the Missouri Office of State Courts Administrator, affidavit, or by other means approved by the Municipal Judge and consistent with law. Objective and consistent criteria will be established for proportioning fines, fees, and costs to a defendant's income in cases where a defendant makes a sufficient showing of indigence. These criteria not only will take into account the income of the defendant, but will also consider any documented fines or fees owed to other municipal courts. The Municipal Judge shall affirmatively inquire as to a defendant's financial capacity prior to initially assessing fines, fees, and costs. Where a showing of indigence is made, the Court will proportion all fines, fees, and costs imposed by the Court to the financial resources of the defendant. Ability-to-pay determinations shall be conducted prior to the court imposing any initial fine or fee, upon any increase in the fine or related court costs and fees, and upon a defendant's request for an ability-to-pay determination at any point in a case, including in cases with preset fines.

B.     The Municipal Judge shall consider and provide defendants with the option of paying a fine on an installment basis, and shall consider the indigence of the defendant in determining the frequency and amount of installment payments. Defendants paying fines on an installment basis shall be provided with reasonable opportunities to obtain a reduction in the periodic payment

amount or obtain an extension of time to satisfy the payment obligations upon a showing of good cause.

C.  The Municipal Judge shall consider and make use of alternative sentences including but not limited to community service, counseling or course attendance consistent with the requirements of this section, and under such terms and conditions and in such cases as he may deem appropriate. Upon a showing of indigence, the Municipal Judge shall provide defendants with a community service, counseling, permanent stay of fines and fees, or course attendance option as an alternative sentence to the imposition of fines. All alternative sentences of community service shall establish reasonable rates at which community service is credited against pending fines and fees, and reasonable time periods for the completion of community service obligations that take into account a defendant's existing employment and other obligations.

D.  The Municipal Judge shall establish procedures implementing the requirements of this section.

**Section 2.**   This Ordinance shall be in full force and effect from and after the date of its passage by the City Council.

1st reading:  February 9, 2016          2nd reading:  February 23, 2016

PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS  23rd   DAY OF    February           , 2016.

_____
Mayor

Attest:

_____
City Clerk

PERMANENTLY RECORDED IN BOOK 33  PAGE 26

BILL NO. 7108                               ORDINANCE NO.  2016-3611

Introduced by: Council Members present

AN ORDINANCE AMENDING SUBSECTION (2) OF SECTION 29-16 OF CHAPTER 29 OF THE MUNICIPAL CODE RELATING TO THE OFFENSE OF FAILING TO PROVIDE IDENTITY WHEN DETAINED

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI AS FOLLOWS:

**Section 1.**     Subsection (2) of Section 29-16 of Chapter 29 of the Municipal Code is hereby amended to read as follows (all other subsections and provisions that are not specifically set forth herein are not amended or changed in any way and remain in full force and effect).

Sec. 29-16...

...

(2)     Fail to identify himself or herself by name upon request when lawfully detained by a police officer, provided, however, that the person may not be compelled to answer any other inquiry of the police officer; or

...

**Section 2.**     This Ordinance shall be in full force and effect from and after the date of its passage by the City Council.

1st reading:    February 9, 2016     2nd reading:    February 23, 2016

          PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS  23rd
DAY OF      February              , 2016.

                                                           _James Knowles_
                                                                Mayor

Attest:

_Megan Asikainen_
City Clerk

PERMANENTLY RECORDED IN BOOK 33  PAGE 27

BILL NO. 7111                                          ORDINANCE NO. 2016-3613

Introduced by Council Members present

AN ORDINANCE AMENDING SECTION 7-145.1, SECTION 7-145.4 AND SECTION 7-145.6 OF CHAPTER 7 RELATING TO OCCUPANCY PERMITS

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FERGUSON, MISSOURI, AS FOLLOWS:

**Section 1.**     Section 7.145.1 of Chapter 7 of the Municipal Code shall be amended to read as follows: (all other provisions not specifically set forth herein are not amended or changed in any way and shall remain in full force and effect)

Sec. 7-145.1. - Occupancy permit.

(a) Either upon occupying a newly constructed residential building, or upon each change of occupancy of any residential building, or upon increase in the number of person occupying any residential building **(except for family members or domestic partner of the occupant, provided that the maximum occupancy for such residential building is not exceeded)**, the new occupant, or in the case of an increase in the occupancy, the existing occupant, shall apply for an occupancy permit for the residential building to be occupied. In the event of a violation of this section, the owner, renter, lessee and all occupants shall all be considered responsible parties.
(b) No occupancy permit shall be issued until the following certificate or certificates have been issued by the city.
    (1) For all owner-occupied residential property, no occupancy permit shall be issued until a certificate of exterior appearance compliance has been issued for such property.
    (2) For all residential rental property as defined in this Code, no occupancy permit shall be issued until both (i) a certificate of exterior appearance compliance and (ii) a certificate of interior compliance has been issued. Provided, however, if a certificate of interior compliance has been issued within the twelve (12) months prior to the application for occupancy, no additional certificate of interior compliance shall be required.
**(c)**     **For purposes of subsection (a) of this section, the term "family members" shall mean those family members within the first or second degree of consanguinity or affinity.**
**(d)**     For purposes of this section, both certificates shall be based upon the standards and requirements set forth in this Code pertaining to existing residential structures and dwelling units. Certificates shall be issued only upon an inspection which shows that the property meets all requirements for residential property set forth in this Code.

**Section 2.**     Section 7.145.4 of Chapter 7 of the Municipal Code shall be amended to read as follows: (all other provisions not specifically set forth herein are not amended or changed in any way and remain in full force and effect)

Sec. 7-145.4. - Issuance.

(a) <u>**Upon the satisfaction of all requirements of this Chapter, including inspections, and the issuance of the appropriate certificates of compliance, an occupancy permit shall be issued in response to an application; provided, however, that no occupancy permit shall be issued for any occupancy which exceeds the maximum occupancy levels as set forth in this Chapter.**</u>

**(b)** In issuing an occupancy permit to renters of apartments, the space requirement shall be based on the perimeter of the unit.

**Section 3.** Section 7.145.6 of Chapter 7 of the Municipal Code shall be amended to read as follows: (all other provisions not specifically set forth herein are not amended or change in any way and remain in full force and effect)

Sec. 7-145.6. - Violations; penalties.

A. Any person, firm or corporation violating any of the provisions of this article shall, upon conviction thereof, be subject to the penalty provided in Chapter 1, section 1-15 of the Municipal Code of the City of Ferguson. The following violations of the provisions of this division shall constitute an offense:

(1) Any person who shall newly occupy any residential building without first making an application for an occupancy permit and receiving an occupancy permit therefor;

(2) Any person, firm or corporation, or any agent thereof, who shall, in making an application for an occupancy permit, make or provide any false or misrepresented information on the application for the occupancy permit, which, if the proper information had been provided, would have caused a denial of the permit;

(3) If an occupancy permit is granted based upon an application supplied by the applicant, and thereafter additional persons occupy the residential property and the owner, tenant, lessee or the head of the household condones or fails to report such additional persons occupying such residential dwelling, which if the additional persons had been reported would have caused a denial of all or some of the additional persons to reside in said residential building, the legal applicant shall, in such case, be construed to be in violation of this provision;

(4) Any landlord or lessor who shall allow or permit the occupancy of any residential building without first verifying the issuance of an occupancy permit by receipt of a copy of the occupancy permit issued to the prospective tenant.

B. <u>**No person shall be arrested or held in jail for the sole reason of a violation of this Section 7-145. A summons shall be issued for any such violation.**</u>

**Section 4.** This Ordinance shall be in full force and effect from and after the date of its passage.

1st reading: __February 23, 2016__    2nd reading: __March 8, 2016__

PASSED BY THE CITY COUNCIL OF THE CITY OF FERGUSON ON THIS __8th__ DAY OF ____March____, 2016.

_____
Mayor

Attest:

_____
City Clerk



Sec. 1-15(a). - General penalty; continuing violations; violations declared nuisances.

    A.    Whenever in this Code or any other ordinance of the City, or in any rule, regulation, notice or order promulgated by any officer or agency of the City under authority duly vested in him/her or it, any act is prohibited or is declared to be unlawful or an offense, misdemeanor or ordinance violation or the doing of any act is required or the failure to do any act is declared to be unlawful or an offense, misdemeanor or ordinance violation, and there is no specified penalty of a fine less than $500 for the violation thereof, upon conviction of a violation of any such provision of this Code or of any such ordinance, rule, regulation, notice or order, the violator shall be punishable by a fine not exceeding five hundred dollars ($500.00) and shall not be subject to a penalty of imprisonment, subject to the following exceptions:

    1.    Violations involving violent assault, weapons, or illegal substances, and traffic offenses involving alcohol or drugs, shall be punishable by a fine of up to $1000, or by imprisonment in the City or County Jail not exceeding ninety (90) days, or by both such fine and imprisonment.

    2.    The punishment of a "minor traffic violation" as defined by Section 479.350 R.S.Mo. shall be subject to the following provisions:

    a)    The maximum fine and court costs that can be imposed for the violation of any minor traffic violation shall be $300.00.

    (b)    Minor traffic violations shall not be punishable by imprisonment, unless the violation (i) involved alcohol or controlled substances, (ii) endangered the health or welfare of others, or (iii) involved eluding or giving false information to a law enforcement officer.

    (c)    A person convicted of a minor traffic violation shall not be placed in confinement for failure to pay a fine.

    (d)    Court costs shall be assessed against such person unless the court finds that the defendant is indigent.

Sec. 1-15(b), (c). - General penalty; continuing violations; violations declared nuisances.

…

(b) For every twenty (20) days that any violation of this Code or any such ordinance, rule, regulation or order continues, such violation shall constitute, except where otherwise provided, a separate offense.

(c)     In addition to the penalties provided in subsection (a), any condition caused or permitted to exist in violation of any of the provisions of this Code and the ordinances of the city shall be deemed a public nuisance and may be abated by the city as provided by law, and for every twenty (20) days that any such nuisance condition continues, the violation shall be regarded as a new and separate offense.